CASE No. 998.

FIRST NATIONAL BANK OF CHARLESTON v. GARY.

1. Verdict for defendant, and within ten days after the rising of the court, plaintiff gave verbal notice of his intention to appeal; and within ten days after the entry of judgment gave written notice of appeal, based upon exceptions taken at the trial and purporting to be in accordance with the verbal notice of appeal previously given. Motion to dismiss the appeal for failure to serve notice of intention within time, refused.
2. No appeal lies to this court from the verdict of a jury.
3. The notice of intention to appeal is not required to be in writing.

Motion by M. W. Gary, the defendant and respondent, to dismiss the appeal. The case is fully stated in the opinion.

*Mr. Ernest Gary*, for motion.

*Messrs. C. L. Woodward* and *Buist & Buist*, contra.

March 15th, 1881. The opinion of the court was delivered by

McIVER, A. J. This is a motion to dismiss an appeal, upon the ground that notice of intention to appeal was not given within the time required by law. The facts upon which the decision of this question depends are agreed upon, and, in substance, are as follows :

The action, which was brought against the defendant as endorser of a promissory note, was tried on October 12th, 1880, and a verdict for defendant rendered. At the trial various exceptions were taken and noted. The court adjourned on October 23d, 1880; but no judgment or order for judgment on the verdict was taken or entered during the term, and not until November 24th, 1880, was the judgment entered on the verdict, after the defendant had been served with a notice requiring him to enter such judgment in order that the plaintiff might take an appeal therefrom. Within ten days after the rising of the court

the plaintiff's attorney gave verbal notice to the defendant's attorney of his intention to appeal. On November 30th, 1880, within less than ten days after the entry of the judgment, the plaintiff's attorney gave a written notice of appeal, with the grounds therefor, which was stated to be in accordance with the verbal notice previously given, which grounds were based upon the exceptions taken at the trial.

Under this state of facts we do not see how the appellant can be regarded as being in any default. Until the judgment was entered there was nothing to appeal from. There was no order or judgment—nothing but a verdict, and no appeal lies to this court from the verdict of a jury. It was not like the case where, during term time, an order has been made involving the merits of an action, or an order affecting a substantial right, which, in effect, determines the action and prevents a judgment from which an appeal might be taken, as, for example, an order sustaining a demurrer to a complaint, because it does not state facts sufficient to constitute a cause of action; for here it is admitted that there was not even an order for judgment, but simply a verdict of the jury.

There is another view which would be fatal to this motion. The act of 1878, (16 *Stat.* 698), the rigid requirements of which are invoked to sustain this motion, does not require that the notice of intention to appeal shall be *in writing.* It simply requires that " the appellant or his attorney shall  *  *  *  give notice to the opposite party or his attorney  *  *  *  of his intention to appeal," and it is admitted that such notice was given, verbally, within ten days after the rising of the Circuit Court at which the case was tried. Now, while it is far better that such notice should be in writing, so as to avoid any possible controversy as to the fact, yet when it is admitted, as in this case, that the notice has been given verbally, we would not be disposed to say that the appellant has incurred the forfeiture of so valuable a right as that of appeal, because he has failed to give *written* notice of his intention to appeal, when the act does not, in terms, require the notice to be in writing.

The motion to dismiss the appeal is refused.

SIMPSON, C. J., and McGOWAN, A. J., concurred.